## JAMES E. NEUMAN, P.C.
Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013

TEL 212-966-5612
FAX 646-651-4559
james@jamesneuman.com



June 5, 2022

Magistrate Judge Paul E. Davison
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *USA v Juan Lopez-Soto,* 22 MJ 3569 (UA)

Your Honor:

     I write to ask that this Court grant a modification of the conditions of the bond, as set forth during a conference on May 27, 2022. On that date, this Court granted Mr. Lopez-Soto's request that he be released on a $50,000 unsecured bond. The understanding was that the bond would be co-signed by two financially responsible persons (specifically, his uncles), as well as his father for "moral suasion." Another understanding was that Mr. Lopez-Soto would be subject to home detention and would live at a particular church.

     Since that conference, one of the uncles has been interviewed and approved by the government as a financially-responsible co-signer. The pastor of the church also remains willing to host Mr. Lopez-Soto at the church, and help him seek local employment. But the other uncle, apparently at the behest of his wife, has changed his mind and is now declining to act as a co-signer. In addition, the family has been unable to identify another person who is employed and would qualify as a financially-responsible person. Still, another relative – the mother of the uncles – has expressed a willingness to sign for "moral suasion." Like Mr. Lopez-Soto's father, this individual is unemployed and subsisting on social security payments.

     Accordingly, we ask that this Court modify the conditions of the bond by indicating that it may be co-signed by one financially-responsible person (the uncle, who has already been approved), and two relatives for "moral suasion."

SO ORDERED:

_____
Hon. Paul E. Davison
United States Magistrate Judge

6-7-22

    I have discussed this modification with AUSA Steven Kochevar. My understanding is that the government continues to object to Mr. Lopez-Soto's release for the same reasons stated at our prior conference. If this Court deems it necessary, both parties are available to appear at a conference at this Court's convenience. But in that event, we ask that a conference be scheduled expeditiously.

                       Respectfully submitted,

                       /s/
                     James E. Neuman